IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KECIA HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0128-WS-B |
| | ) | |
| AMERICAN MODERN INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 7). The parties have filed briefs in support of their respective positions, (Docs. 1, 7, 9-11),[1] and the motion is ripe for resolution.

The defendant removed on the basis of diversity on March 11, 2011. The parties agree, and the record reflects, that the parties are of diverse citizenship. At issue is whether the amount in controversy element is satisfied. The defendant acknowledges that it bears this burden. (Doc. 9 at 2-3). *See Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").

The complaint alleges that the defendant insured the plaintiff's residence, that the residence sustained damage, and that the defendant has failed to pay the plaintiff's resulting claim. The complaint alleges that the defendant breached the contract, did so in bad faith, and committed fraud. The complaint seeks compensatory damages in an undisclosed amount but over $10,000, as well as punitive damages on the tort claims.

---

[1] The defendant's motion for leave to file a sur-reply brief, (Doc. 11), which has drawn no opposition, is **granted**.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has sustained injury so severe as to make it more likely than not that over $75,000 is in controversy.[2] The defendant does not argue otherwise. Instead, the defendant relies on evidence concerning the plaintiff's loss and her policy limits. The defendant is entitled to supplement the complaint with evidence in its possession. *E.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

---

[2] *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

The declarations page of the plaintiff's policy reflects a stated-value policy limit on the dwelling of $60,000. The adjuster on the loss, after visiting the residence, testifies that the home was completely destroyed by fire, and the plaintiff offers no evidence to the contrary. While it might be theoretically possible that the plaintiff under these circumstances nevertheless seeks less than the policy limits, the preponderance of the evidence plainly establishes that the amount in controversy as to the loss of the residence more likely than not is $60,000.

The declarations page also reflects a policy limit on personal property of $50,000. The plaintiff filled out and submitted to the adjuster a personal property inventory form, in which she calculated the original cost of the personalty consumed in the fire as almost $80,000. Again, the plaintiff offers no evidence to the contrary. Even if the policy provides for recovery of only some fraction of the property's purchase price, even an 80% discount would still exceed $15,000. While it might be theoretically possible that the plaintiff under these circumstances nevertheless seeks a lesser amount, the preponderance of the evidence plainly establishes that the amount in controversy as to the loss of the personal property more likely than not exceeds $15,000.

Because the amount in controversy element is satisfied based on hard damages alone, it is not necessary to consider to what if any extent the plaintiff's demand for punitive damages raises that amount.

In her reply brief, the plaintiff notes that she "has recently advised Counsel for the Defendant that the Plaintiff is not seeking an amount that exceeds the $75,000.00 jurisdictional amount." (Doc. 10, ¶ 6). The plaintiff does not further describe this development, but the defendant in its sur-reply attaches a one-sentence letter, dated two days before the reply brief, stating that, "[a]fter further review, we are willing to settle above referenced case for $69,000.00, including all costs and fees." The Court concludes that this is the communication to which the plaintiff refers.

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. Thus,

"events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000); *accord Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at that date [the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."). While post-removal evidence is permissible, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (internal quotes omitted).

Assuming without deciding that a bald post-removal settlement demand for a figure slightly below the jurisdictional threshold, made in conjunction with a motion to remand, could ever be probative of the amount in controversy at the time of removal, this particular demand patently is not. On its face, the $69,000 demand is the result of "further review" and so necessarily reflects a new, post-removal position, not a pre-removal assessment.

For the reasons set forth above, the Court concludes that the amount in controversy exceeds $75,000 and that subject matter jurisdiction exists. Accordingly, the plaintiff's motion to remand is **denied**.[3]

DONE and ORDERED this 6th day of May, 2011.

---

[3] After the Court signed this order, the plaintiff filed a brief affidavit in which she appears to state that she "is not and will not seek an amount that exceeds the $75,000.00 jurisdictional limit in this action." (Doc. 14). It is obvious the affidavit was cut and pasted, but the Court assumes for present purposes that the plaintiff actually makes this representation. As with her settlement demand, the affidavit does not reflect the amount in controversy on March 11 but at most only the amount she claims is in controversy on May 6. It is therefore irrelevant.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE